Hyman, C. J.
Plaintiff sued to have judgment of separation of property from Hamilton McCullough, her husband, to recover from him. $19,701 45, alleged by her to be the amount received by him of her paraphernal funds, and to have recognized and enforced her legal mortgage on all his property to secure the payment of said amount with interest,' which she alleged attached in 1851.
Martha Brannin, as tutrix of the minor children of J. W. Brannin, deceased, who are creditors of the defendant, intervened in .this suit, denied the allegations of the plaintiff, and prayed that her demand might be rejected.
The judgment of the Court was, that plaintiff resume the administration of her estate; that the community between her and defendant be dissolved; that she recover from him $13,155 25, with legal interest from the date of the judgment; that her legal mortgage be recognized to take effect from 1st January, 1851; that it be enforced; that all the property of defendant be seized and sold to satisfy his wife’s claim, and that the intervention be dismissed at the intervenor’s costs.
From the judgment the intervenor has appealed.
There being full proof that defendant is not able to pay his debts, the only questions raised by the parties in this Court are as to the amount of the wife’s claim, and as to the time when her mortgage attached.1
The evidence relied on by the parties, was taken down in a very loose manner, but it is established that, between 1st January, 1851, and 1st January, 1853, defendant received $10,000 of bis wife’s paraphernal funds. With such evidence, we can only know that, on the 31st December, 1852, the husband bad received $10,000 of his wife’s paraphernal funds, and we *302 cannot ascertain, by this evidence, that any exact sum was received by him before that date.
It also, appears from the evidence that an amount of $3,155 25 was lost to plaintiff 'by the failure of defendant’s father, against whom plaintiff had a judgment, and it is contended by her that defendant is bound to her for that amount.
There being no evidence of hinderance by the husband to the wife’s administration of her paraphernal property, we cannot so conclude.
She was unobstructed in the exercise of her paraphernal rights, and should have enforced them.
The loss resulting from the non-enforcement of them must be borne by her.
It is orderded, that that part of the judgment appealed which dismisses the intervention and condemns the intervenor to pay the costs of intervention, be reversed. It is futher ordered that so much of said judgment as grants the plaintiff a mortgage on all of defendant’s property for $13,155 25, with interest to date from the 1st of January, 1851, and orders the seizure and sale of said property, be reversed as to intervenor, and it is decreed, as to her, that the wife’s mortgage on all the immovable property of defendant be recognized from the 31st of December, 1852, for the sum of. ten. thousand dollars only, with legal interest from the 19th day of October, 1866, and as such, let it be enforced.
The intervenor to pay costs of intervention in the lower court. The costs of appeal to be borne by plaintiff.